## FIDELITY-PHENIX FIRE INS. CO. OF NEW YORK v. GLASOW.

Circuit Court of Appeals, Seventh Circuit. May 7, 1927.

Rehearing Denied May 28, 1927.

No. 3856.

Appeal and error ☞997(3)—Appellate court must affirm judgment granted pursuant to motion of both parties for directed verdict, if evidence is conflicting.

Where both parties at close of evidence move for directed verdict, appellate court must affirm judgment for plaintiff, granted pursuant to such motion, if there is any conflict in' evidence on issue involved, since, to justify reversal, record must conclusively establish contrary to such issue.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by Edwin Glasow against the Fidelity-Phenix Fire Insurance Company of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

Robt. J. Folonie, of Chicago, Ill., for plaintiff in error.

L. P. Fox, of Chilton, Wis., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PER CURIAM. Defendant in error brought this action on an insurance policy to recover a fire loss. The sole defense was an alleged cancellation of the policy the day before the fire occurred. At the close of the evidence, both parties moved for a directed verdict. The court granted plaintiff's motion, the parties having agreed upon the amount of the loss.

Our inquiry is a simple one. Was the evidence on the issue of cancellation conflicting? For, to justify a reversal of the judgment, the record must conclusively establish a cancellation. In other words, if there is any conflict in the evidence on this issue there must be an affirmance. An examination of the testimony convinces us at once that the evidence on this issue is conflicting. This being the situation, defendant's motion for a directed verdict was properly denied.

The judgment is affirmed.